UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FARRELL,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>Defendant. | No. 2:19-cv-01402 TLN AC<br><br><br><br>ORDER |

This case is before the court on defendant's motion to compel an independent medical examination ("IME") of plaintiff under Fed. R. Civ. P. 35. ECF Nos. 24, 27 (joint statement). Defendant also seeks sanctions for a previously missed IME. ECF No. 24. The matter was heard on the papers. ECF No. 25. For the reasons stated below, the court grants defendant's motion but declines to impose sanctions on plaintiff at this juncture.

**I.  Relevant Background**

Plaintiff Stephanie Farrell filed her complaint in state court; it was removed to this court on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). ECF No. 1. Plaintiff's complaint alleges she was a customer at Home Depot in Sacramento, CA when she was struck with an improperly loaded cart being pushed by an employee on the premises, causing her injuries and damages. ECF No. 1 at 9.

An initial case schedule was set on the same day this case was removed to district court, July 24, 2019. ECF No. 4. The parties submitted their Fed. R. Civ. P. 26(f) report on October 22,

2019, indicating that they would "evaluate whether mediation would be productive prior to depositions of Plaintiff, Defendant's personnel, and an IME." ECF No. 8 at 3. Home Depot retained its medical expert, Dr. Gary Alegre, on October 1, 2020. Declaration of Joshua S. Goodman (ECF No. 26-1) ¶12. Dr. Alegre is a physician and surgeon licensed by the Medical Board of California and board certified by the Board of Orthopedic Surgery. Id. Dr. Alegre has reviewed plaintiff's medical records, as well as her responses to the special interrogatories. Id. In email communications between the parties' counsel in 2020, both plaintiff's current counsel and former counsel agreed that a motion to compel an independent medical examination was not necessary. Goodman Dec., ¶7 & Ex. C. Plaintiff's current counsel informed Home Depot that he would stipulate to an independent medical examination and that the parties should "work on reasonable guidelines and scope issues." Id., Ex. D.

On November 12, 2021, Home Depot served a demand for independent medical examination of Plaintiff on January 14, 2022 in Sacramento, California. Goodman Dec., ¶19 & Ex. H. The notice states that plaintiff "shall be responsible for the doctor's customary cancellation fee of $1,000, including any incurred expenses associated with the cancellation, should she fail to appear[.]" Goodman Dec. Ex. H, ¶4. Plaintiff informed defendant that she was unable to appear on January 14, 2022, but the parties met and conferred and agreed plaintiff would appear on February 11, 2022. Declaration of Brian K. Teets (ECF No. 26-2) ¶7.

The parties stipulated to several modifications of the scheduling order, and each stipulation was adopted. ECF Nos. 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23. In the most recent stipulation, submitted December 16, 2021, the parties reference a failed mediation attempt and Covid-related delays in fact discovery as creating the need for several schedule extensions. ECF No. 22. The parties also specifically reference the need for an IME, stating:

> Defendant's expert has had only one date available for a defense medical exam in several months, in January 2022. Plaintiff has been in southern California since Thanksgiving and intends to remain there visiting family through January 2022. Although Defendant believes that case law and specifically rulings from the Eastern District establish that a medical exam that is set to take place after fact discovery cutoff but before expert reports are due is timely, the only alternate available date is February 11, 2022, which will be

insufficient time for the examination and preparation of the expert report.

ECF No. 22 at 3. The parties proposed a new non-expert discovery deadline of February 22, 2022. Id. at 4. The proposed revised schedule was adopted by minute order. ECF No. 23.

On February 11, 2022, plaintiff arrived for the IME an hour late, and was told she could not be seen. Teets Decl. ¶13. Plaintiff waited in the office but was ultimately not seen. Id. That afternoon, plaintiff's counsel sent an e-mail to defense counsel stating noting that plaintiff was late and was not seen and stating "we will hold April 8, 2022 for the exam. Additionally, from now through February 25, 2022, Farrell can be available on 2-4 hour notice if you want to try for an opening that comes up at the last minute. We won't be paying any cancellation fee. I never agree to that. Had we formalized a stip, I would have expressed that." Teets Decl. Ex. E.

## II.    Motion

Defendant asks the court to "issue an order (a) compelling Plaintiff to appear for an independent medical examination to be conducted by Dr. Gary Alegre on April 8, 2022 at 12:00 p.m. at his office located at 7248 South Land Park Dr., Suite #116, Sacramento, CA 95831 with a cancellation fee of $1,000 if she does not attend or attend late, and (b) sanctioning Plaintiff in the amount of $1,000 to compensate Home Depot for the costs incurred due to Plaintiff's failure to appear at the previously scheduled IME at the agreed upon date and time." ECF No. 26 at 21.

## III.    Standards Under Rule 35

Rule 35 of the Federal Rules of Civil Procedure allows a court, upon motion and for good cause, to order a physical or mental examination by a suitably licensed or certified examiner of a party whose medical or mental health condition is "in controversy." Fed. R. Civ. P. 35(a); (1964). The rule's requirements "are not met by mere conclusory allegations of the pleadings— nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). In general, Rule 35(a) is to be construed liberally in favor of granting discovery. See, e.g., Turner v. Imperial Stores, 161 F.R.D. 89, 96 (S.D. Cal. 1995). An order granting a Rule

35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

### IV. Analysis

The parties do not seriously dispute that an IME is appropriate in this case. Indeed, they have on multiple occasions agreed that it is. Though plaintiff makes some argument that the motion to compel an IME should be denied because it was brought in the "eleventh hour" of fact discovery (ECF No. 26 at 17), the history of meet and confer efforts make clear that this is not the case. Indeed, the parties appropriately scheduled the IME without the need for a motion in the first instance, presumably because plaintiff's physical condition is clearly at issue in this case.

The crux of the dispute here is the force of defendant's assertion in its IME notice that plaintiff would be charged the $1,000 "customary" fee for missing her appointment. Defendant argues that though Fed. R. Civ. P. 37(b), which provides for sanctions in the event of discovery order violations, applies only where a prior order is at issue the court has "certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" ECF No. 26 at 14, citing Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). The court declines to exercise any such inherent authority here. While the parties are applauded for attempting to accomplish the IME without court intervention, the court will not enforce a $1000 fee for nonappearance that was neither confirmed in a court order nor clearly agreed to off the record.

On the other hand, the undersigned recognizes that an IME is appropriate in this case and, following many delays and an approaching expert discovery deadline, time is of the essence. Thus, should plaintiff fail to attend the re-set deposition on April 8, 2022, she shall be required to pay the $1,000 cancellation fee.

### V. Conclusion

Defendant's motion to compel (ECF No. 24) is GRANTED insofar as plaintiff must appear for an independent medical examination to be conducted by Dr. Gary Alegre on April 8, 2022 at 12:00 p.m. at his office located at 7248 South Land Park Dr., Suite #116, Sacramento, CA

95831 with a cancellation fee of $1,000 if she does not attend or attends late. Insofar as the motion requests additional sanctions it is DENIED.

IT IS SO ORDERED.

DATED: March 30, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE