UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.; et al. and DOES 1 - 40.,<br><br>　　　　　Defendants. | No.  2:19-cv-01402 TLN AC<br><br><br>ORDER |

This matter is before the court on defendant's motion to exclude expert testimony at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). ECF No. 31. This discovery motion was referred to the undersigned pursuant to Local Rule 302(c)(1). Upon review of the record and the parties' briefs, the motion will be GRANTED in part and DENIED in part for the following reasons.

**I.  Relevant Background**

Plaintiff Stephanie Farrell filed her complaint in state court; it was removed to this court on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). ECF No. 1. Plaintiff's complaint alleges she was a customer at Home Depot in Sacramento, California when she was struck with an improperly loaded cart being pushed by an employee on the premises, causing her injuries and damages. ECF No. 1 at 9. An initial case schedule was set on the same day this case

was removed to district court, July 24, 2019.  ECF No. 4.

On April 20, 2022, plaintiff submitted her expert witness disclosure form, which did not list any retained experts but included many non-retained experts.  ECF No. 31-3 (Exhibit F).  The non-retained experts consist of multiple UC Davis medical providers, multiple Sutter Health providers, multiple American River Home Care providers, multiple Burger Physical Therapy providers, and multiple East Sacramento PT providers (a total of 32 doctors, ten nurses, ten physical therapists, three clinics and one billing customer service representative).  ECF No. 31-3 at 126-90.

## II.  Discussion

A. Legal Standards

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial.  Fed. R. Civ. P. 26(a)(2)(A).  For each "retained" expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Fed. R. Civ. P. 26(a)(2)(B).  An expert's report must be "detailed and complete."  Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting Sierra Club v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996)).  Disclosure of a "non-retained" expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

The expert witness disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses.  See Adv. Comm. Notes to 1993 Amendments.  Both the Rule

26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." Brown v. Providence Med. Ctr., No. 8:10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011).  A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c)." Gorrell v. Sneath, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013).  If a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth to the Rule 26(a) disclosure requirements." Yeti by Molly, Ltd. v. Deckers Outdoor Corp. ("Yeti"), 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is a "recognized broadening of the sanctioning power," id., which the Federal Rules Advisory Committee described as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...," Adv. Comm. Notes to 1993 Amendments. As stated above, the rule provides two exceptions to the otherwise "automatic" sanction of witness preclusion: where the failure to disclose the required information is (1) "substantially justified," or (2) "harmless." Fed. R. Civ. P. 37(c)(1); see Yeti, 259 F.3d at 1106.  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

In addition, when determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the district court is to consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997); see also Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless).
////

B. <u>Analysis</u>

Plaintiff's expert disclosures identify various medical providers who treated plaintiff for her alleged injuries. ECF No. 31-3 at 127-90. For each expert, plaintiff provided a summary of the subject matter on which she or he was expected to testify. Plaintiff's disclosure of Dr. Rolando Figueroa Roberto, MD from the Spine Center/Orthopedics at UC Davis Health System provides a representative example. ECF No. 31-3 at 128. This disclosure states:

> **Damages/injuries and causation (physicians):**
>
> Relating to and arising out of the specific treatment date(s) and services provided by this specific physician, as well as generally relating to Plaintiff's overall medical care, diagnosis, and treatment, this non-retained physician expert is expected to testify as follows based on the medical records disclosed to and made available to Plaintiff and Defendant by way of productions and subpoenas: that he/she provided certain medical care, diagnoses, evaluation and treatment to Plaintiff before and/or after the incident and that, based on that and this physician's medical education, training, and experience, to a reasonable degrees of medical probability or certainty, Plaintiff had pre-existing medical conditions before the incident, that Plaintiff was more susceptible to further/special injury, that the head impact caused by Home Depot's employee aggravated or made worse Plaintiff's pre-existing conditions and symptoms and/or caused new conditions and symptoms (such as cervical contusion, cervical compression, need for a collar, mobility impairment, gait issues, new or renewed or increased incontinence, and other conditions and symptoms), that Plaintiff needed medical care and treatment, that radiology and subjective records indicated these issues and needs, that Plaintiff needed physical therapy, that all past medical treatment received for the incident was reasonable and necessary, that all past medical expenses incurred for the incident were reasonable and necessary, and/or that all future medical treatment and expenses needed due to the incident are and will be reasonable and necessary.

<u>Id.</u>

While this disclosure states the identity of the non-retained expert and provides some general but non-specific information about his relationship to plaintiff ("he/she provided certain medical care"), plaintiff failed to provide any indication as to the actual "facts and opinions" to which Dr. Figueroa Roberto, or any of her other non-retained experts, would testify. Under Rule 26(a)(2)(C), disclosures for non-retained experts must state: "(i) the subject matter on which the witness is expected to present evidence...; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added); <u>Burreson v.

BASF Corp., No. 2:13-cv-0066 TLN AC, 2014 WL 4195588, at *5, 2014 U.S. Dist. LEXIS 117590 (E.D. Cal. Aug. 22, 2014) ("The summary required by Rule 26(a)(2)(C) must include both a statement of the subject matter on which the witness is expected to offer an opinion and 'a summary of the facts and opinions to which the witness is expected to testify.' "). The summaries of non-retained experts' testimony are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B), and courts "must take care against requiring undue detail." Adv. Comm. Notes to 2010 Amendments. However, plaintiff's non-retained expert disclosures here provide not even a hint as to what "facts and opinions" their testimony will convey. Indeed, they are so vague that they do not even identify the particular type of medical care each of the non-retained experts provided.

"An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." Burreson, 2014 WL 4195588, at *5, 2014 U.S. Dist. LEXIS 117590. Taking the Dr. Figueroa Roberto disclosure as an example, the summary does not reveal what plaintiff's diagnoses or treatments actually were, what care she received, why Dr. Figueroa Roberto believes the incident caused her injuries, or what his interpretation of his treatment/medical findings actually is. As written, it is impossible for defendant to tell from this summary what next steps might be beneficial in preparing for trial. These disclosures do not satisfy either the letter of Rule 26(a)(2)(C), or its underlying policy. See Pineda v. City & County of S.F., 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding insufficient under Rule 26(a)(2)(C) a disclosure stating that non-retained treating physicians "will present factual and opinion testimony on causation, diagnosis, prognosis, [and] extent of [plaintiff's] disability" based on a review of plaintiff's medical records).

Plaintiff does not argue that any noncompliance with respect to her non-retained experts was substantially justified, and the court cannot find substantial justification on this record. Instead, plaintiff's brief indicates a misunderstanding of what is required for non-retained expert witness disclosures in federal court, and whether her identified witnesses fall into the "provider"

exception. ECF No. 34 at 4-10. Plaintiff argues that her non-retained experts are "exempt" pursuant to Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 824–25 (9th Cir. 2011), in which the Ninth Circuit decided the "issue of when, if ever, a treating physician is transformed into an expert offering testimony on matters beyond the treatment rendered, for purposes of Rule 26 disclosures[.]" In Goodman, the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Id. at 826. In Goodman, however, the Ninth Circuit agreed with the District Court's exclusion of treating physician witnesses for failure to provide expert reports because the treating doctors "reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment," finding those doctors "fell outside the scope of the 'treating physician' exception insofar as their additional opinions are concerned" and Rule 26 reports were indeed required.

Here, as in Goodman, plaintiff's disclosures expressly state that each provider is "expected to testify as follows based on the medical records disclosed and made available to Plaintiff and Defendant by way of productions and subpoenas." ECF No. 31-3 at 128. The summaries do not limit the non-retained experts to records reviewed by each provider in the course of their own treatment. And while plaintiff's attorney states he did not give any provider any "case materials or discovery to review," he does not declare he has not given them medical records. Balam Dec., Dkt. No, 34-1, ¶ 3 at p. 2:12-14. The language of the disclosure itself indicates the physicians have been provided and may testify to an overview of plaintiff's medical records that were not necessarily part of any individual physician's treatment interactions.

In addition, the disclosures state that the providers will testify as to causation ("that the head impact caused by Home Depot's employee aggravated or made worse Plaintiff's pre-existing conditions") and the necessity of past or future treatment or the costs of such treatment ("that all past medical treatment received for the incident was reasonable and necessary, that all past medical expenses incurred for the incident were reasonable and necessary, and/or that all future medical treatment and expenses needed due to the incident are and will be reasonable and necessary"), which necessarily includes matters outside the scope of opinions formed during

treatment. ECF No. 31-3 at 128; Sanchez v. California, No. 1:12-CV-01835-SAB, 2015 WL 2185186, at *9 (E.D. Cal. May 8, 2015) (requiring expert reports where treating physicians would "testify based upon review of records by previous and current healthcare providers and the estimates and costs of medically necessary future treatment.").

While plaintiff's disclosures are clearly insufficient, as mentioned above, the court must also consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997). In this case, Supplemental Expert Disclosures were due by May 16, 2022. ECF No. 24. There is a pending motion for summary judgment (ECF No. 30) set to be heard on the papers August 11, 2022[1] and no trial date or pretrial conference set. Given the caseload of the Eastern District of California, trial is not imminent in this case. Plaintiff therefore shall be given an opportunity to cure the deficiencies in her disclosures before the court reaches the extreme remedy of exclusion.

   C. Plaintiff's Non-Retained Witnesses are Excessive

As a secondary argument, defendant contends that plaintiff has disclosed an excessive number of non-retained experts, and plaintiff does not address this argument. The court agrees that 32 doctors, ten nurses, and ten physical therapists is repetitive, excessive, and unreasonable. Goodwyn v. Albertsons LLC, No. 2:18-CV-1754-JAC-EJY, 2021 WL 796137, at *4 (D. Nev. Mar. 2, 2021) ("disclosure of 18 non-retained experts is excessive"). Because plaintiff will be required to redraft the disclosures to specify in summary form the facts and opinions to which each witness is expected to testify, and will no longer be able to rely on copied and pasted boilerplate, the court trusts that there will be a pruning of the proferred non-retained experts.

////

---

[1] The pending motion for summary judgment, filed by defendant, is partially based on plaintiff's inadequate expert disclosure filing and thus overlaps substantively with the motion resolved by this order. ECF No. 30. Per the scheduling order, the dispositive motions deadline is 180 days from the close of discovery (ECF No. 4 at 4). Because discovery closed February 22, 2022, the deadline in this case is August 22, 2022. Plaintiff has not yet filed a motion for summary judgment.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to exclude expert testimony (ECF No. 31) is GRANTED insofar as plaintiff's current disclosures are deemed insufficient but DENIED in that plaintiff will be given an opportunity to file amended expert disclosures, in accordance with this order, within 14 days. Any rebuttal experts shall be disclosed within 14 days of plaintiff's revised disclosures.

IT IS SO ORDERED.

DATE: July 19, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE