UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE FARRELL,<br><br>  Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC.; et al. and DOES 1–40,<br><br>  Defendants. | No. 2:19-cv-01402-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Home Depot U.S.A., Inc.'s ("Defendant") Motion for Partial Summary Judgment. (ECF No. 30.) Plaintiff Stephanie Farrell ("Plaintiff") filed an opposition. (ECF No. 33.) Defendant filed a reply. (ECF No. 12.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

A.     Procedural Background

On June 7, 2019, Plaintiff filed this personal injury action in California superior court. (ECF No. 1 at 1–9.) Plaintiff alleges negligence and premises liability claims against Defendant. (*Id.*) Specifically, Plaintiff alleges she was struck and injured by items in a cart pushed by a Home Depot employee at a Home Depot store. (*Id.* at 58; ECF No. 33-2 at 2.) On July 24, 2019, Defendant filed a notice of removal. (ECF No. 1.) On June 21, 2022, Defendant filed a motion for partial summary judgment. (ECF No. 30.) Plaintiff filed an opposition on July 5, 2022, and on July 15, 2022, Defendant filed its reply. (ECF Nos. 33, 37.)

B.     Factual Background[1]

a.     *Undisputed Facts*

The underlying facts in this case are generally undisputed. Plaintiff has a history of medical issues dating back to 1990, including structural deficits of and injuries to her spine, peripheral neuropathy, back pain, numbness and tingling in both her hands, gait, and balance issues. (ECF No. 33-2 at 2.) Plaintiff has been on disability since 2010 due to a spinal injury and had three spinal surgeries before the alleged incident at Home Depot. (*Id.* at 4.) On July 18, 2017, Plaintiff alleges she was struck and injured by a Home Depot employee at a Home Depot store. (*Id.* at 2.) Several years after the alleged incident at Home Depot, Plaintiff was involved in two car accidents, suffered an injury to her neck (whiplash), and complained about an injury due to a fall. (*Id.* at 4–5.)

b.     *Alleged Disputed Facts*

The dispute in this case is discrete and relates to the nexus between the incident at Home Depot and Plaintiff's alleged injuries. (*See* ECF No. 33-2 at 4–10.) This dispute is complex given Plaintiff's myriad of preexisting medical conditions, accidents following the incident, and Plaintiff's copious related treatments. Defendant asserts there are four substantive undisputed facts related to the causation nexus: (1) Plaintiff did not discuss the degenerative changes in her

---

[1]     These facts are deemed undisputed based on the parties' statements of undisputed facts and the findings of this Court.

2

spine with any medical providers after the July 18, 2017, incident at Home Depot; (2) Home Depot's expert witness, Dr. Gary Alegre, M.D., opines that Plaintiff "sustained a temporary cervical sprain/strain/injury as a result of the subject 07/18/2017 incident" which "resolved, as expected, over the course of a few weeks following the Home Depot incident," which had "resolved as of her discharge from home health therapy on August 10, 2017;" (3) Dr. Alegre opines that Plaintiff's temporary aggravation of preexisting cervical surgical site pain was related to the incident at Home Depot, but Plaintiff's alleged other injuries — urinary incontinence, permanent gait instability, and aggravation of preexisting peripheral neuropathy — were not; (4) Dr. Alegre opines that Plaintiff's medical treatment up to August 10, 2017, was medically necessary and related to the incident at Home Depot, that the incident at Home Depot did not result in permanent, irreparable injury, and Plaintiff will not require future cervical, thoracic and lumbar operations as a result of the incident. (ECF No. 33-2 at facts 4–8.) Plaintiff denies each of these facts citing only to Plaintiff's deposition in support thereof. (*Id.*) It does not appear, however, that Plaintiff denies that Defendant's expert came to these conclusions — rather Plaintiff seems to disagree with the conclusions themselves. Nonetheless the Court will review each fact to determine if a genuine dispute exists.

Turning to the first fact, Defendant asserts Plaintiff did not discuss degenerative spinal changes with any medical providers after the alleged incident at Home Depot. (ECF No. 30-6 at 2.) Although Plaintiff disputes this fact (ECF No. 33-2 at 4; ECF No. 30-5), none of the cited testimony supports Plaintiff's claim that she "actually did discuss degenerative changes in her spine with her treaters after the alleged incident at Home Depot." (ECF No. 37-1 at 4–5.) As Defendant points out, the cited portions of Plaintiff's testimony involve alleged conversations with her doctors regarding: (1) what to expect during the recovery period for the spinal surgery performed *before* the alleged Home Depot incident (ECF No. 30-3 at 86, 116); (2) a "jarring to the spine," not "degenerative changes" (*Id.* at 66, 120); (3) a subsequent surgery, in which Plaintiff admits not knowing what made Dr. Roberto recommend future surgery (*Id.* at 84–86); and (4) alleged symptoms Plaintiff experienced as of April 19, 2018, not "degenerative changes in her spine." (*Id.* at 95–96.) Accordingly, the Court finds this fact is not in dispute.

Turning to the second, third, and fourth facts, Plaintiff disputes these facts, arguing she suffered an aggravation of pre-existing conditions and new symptoms and conditions that remained unresolved as of her discharge from home health therapy on August 10, 2017, and up to Plaintiff's deposition on August 30, 2021.  (ECF No. 33-2 at 5–6.)  Plaintiff alleges she required outpatient physical therapy for conditions that persisted through Plaintiff's deposition on August 30, 2021.  (*Id.*)  Defendant argues Plaintiff does not raise a disputed issue of material fact because the cited testimony from Dr. Alegre's declaration demonstrates he holds these expert medical opinions.  (ECF No. 37-1 at 6–11, 12–14.)  Defendant asserts Plaintiff's deposition testimony: (1) does not contradict that Dr. Alegre holds this opinion; (2) does not contradict the substance of Dr. Alegre's opinion; and (3) would not be admissible to create a triable issue of fact as to Dr. Alegre's opinion.  (*Id.*)  The Court agrees with Defendant and finds these facts are not in dispute.

## II.     STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*

*Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

5

### III. ANALYSIS

Defendant moves for partial summary judgment. (ECF No. 30.) Defendant argues "Plaintiff's claims fail as a matter of law because she does not have an expert to offer the opinion that the shopping cart incident caused her various injuries, that her alleged injury will necessitate future medical treatment or as to the cost of future treatment." (ECF No. 30 at 1.) This is because, as Defendant asserts "[u]nder California law, a plaintiff's claims fail as a matter of law if she does not offer expert testimony establishing causation." (*Id.*) Defendant argues Plaintiff failed to disclose any expert reports or opinions that establish Plaintiff's alleged injuries arose from the July 18 incident at Home Depot. (*Id.* at 7.) Defendant asserts the only "evidence as to causation is from Home Depot's retained expert," who made the following conclusions:

> (1) Plaintiff suffered only a limited cervical strain/sprain and temporary aggravation of pre-existing cervical surgical site pain, which resolved on August 10, 2017 and caused no permanent harm; (2) none of Plaintiff's alleged other injuries – urinary incontinence, permanent gait instability, and aggravation of pre-existing peripheral neuropathy – were related to the incident; and (3) the incident did not cause Plaintiff permanent, irreparable harm, and Plaintiff will not require future cervical, thoracic and lumbar operations as a result of the incident.

(*Id.* at 10.) Further, Defendant argues Plaintiff failed to properly disclose expert witnesses and thus Plaintiff has no experts who can opine as to causation or harm generally. (*Id.* at 10–17.)

Plaintiff's primary argument is Defendant's cannot move for partial summary judgment. (ECF No. 33 at 13-17.) Plaintiff argues "Defendant is actually seeking summary judgment as to the measures of damages and relief sought, which is not allowed." (*Id.* at 13.) Plaintiff asserts because Defendant concedes some harm was caused by its employee, Defendant cannot now attempt to limit the "nature, scope, and extent of damages that the trier of fact is alone tasked with determining . . . ." (*Id.* at 15.) Therefore, Plaintiff asserts, their claim should not be limited by the opinions from Defendant's expert because Plaintiff's treating physicians and Plaintiff herself can testify to damages and injuries in excess of those discussed by Defendant's expert. (*Id.* at 15–17.)

Plaintiff's opposition, however, suffers from a fatal flaw — Plaintiff fails to provide any evidence, point to any citation in the record, or otherwise attempt to set forth specific, supported

6

facts that demonstrate the existence of a genuine factual dispute. Plaintiff quibbles with Defendant's expert's conclusions but provides no expert of her own to refute these conclusions. Plaintiff asserts that her deposition testimony contradicts Defendant's expert's conclusions but as Defendant properly notes, this argument is improper because: (1) Plaintiff is not an expert; (2) there is no evidence in the record Plaintiff ever discussed causation with her treating physicians and Plaintiff cites to none; and (3) even if Plaintiff had discussed causation with her physicians such evidence would be barred by Federal Rule of Evidence 801 and 802 as hearsay. (ECF No. 37 at 6.) Plaintiff then claims her team of treating physicians, which appears to number in the thirties, can establish causation, damages, and injuries, in addition to those outlined by Defendant's expert. (ECF No. 33 at 15–17.) Plaintiff, however, fails to cite to any evidence in the record to support this claim — no report from a treating physician, no medical document, expert deposition testimony, or other evidence. In an attempt to manifest factual support for her position, Plaintiff contends it is implicit in her expert disclosures that her treating physicians will be able to establish the elements of her claim — including causation. (*Id.* at 10–11.) To support this argument Plaintiff cites two expert disclosures, which contain improper and inadequate boilerplate language. (*Id.* at 8–11; *see also* ECF No. 38 (finding Plaintiff's expert disclosures insufficient).) This boilerplate language contains no factual support for Plaintiff's argument much less an implicit indication that her treating physicians can establish elements such as causation. What remains, then, are Defendant's expert's uncontested and unrebutted opinions.

This is significant because as Defendant properly notes, in complex cases like the instant case, where it would be beyond the ability of a lay juror to determine whether Plaintiff's injuries were caused by Defendant's conduct, expert testimony regarding causation is required. *See Webster v. Claremont Yoga*, 26 Cal. App. 5th 284, 290–91 (2018). Plaintiff provides no retained expert who can opine as to this causal nexus and points to no treating physician who can testify to it. There are simply no facts presently before the Court, beyond those of Defendant's expert, that are capable of establishing a causal link between Plaintiff's harm and Defendant's alleged conduct.

Plaintiff's opposition, therefore, contains a factual void — with almost no citation to the

7

record or to record evidence.[2]  This Court will not and cannot "scour the record" to fill that void. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (affirming grant of summary judgment in defendants' favor and stating "[w]e rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment"); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (affirming grant of summary judgment in defendants' favor and stating "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("When reading [appellant's] brief, one wonders if [appellant], in its own version of the 'spaghetti approach,' has heaved the entire contents of a pot against the wall in hopes that something would stick.  We decline, however, to sort through the noodles in search of [appellant's] claim.")

In the absence of meaningful factual opposition, the instant matter turns on whether partial summary judgment is proper.  The Court finds it is.  Plaintiff relies on one in-circuit district court case and two out-of-circuit district court cases to support her position against partial summary judgment. (ECF No. 33 at 13.)  This Court looks to the in-circuit district court case, *Oracle Corp. v. SAP AG*, 734 F. Supp. 2d 956, 972 (N.D. Cal. 2010).  Plaintiff's reliance on *Oracle* is perplexing.  The court in *Oracle* granted portions of defendant's motion for partial summary judgment while denying others. *Id.*  Plaintiff appears to argue because the court in *Oracle* denied portions of the defendant's motion for partial summary judgment as to some damages (but granted summary judgment as to other damages), Defendant's motion here should be denied because it touches on the issue of damages. (ECF No. 33 at 13–14.)  This is incorrect.  A motion for summary judgment is not rendered improper simply because it touches on issues of damages.  Indeed, courts routinely grant motions for summary judgment on the issue of damages. *See*

---

[2]  On August 3, 2022, Plaintiff filed an Amended Designation/Disclosure of Expert Witnesses pursuant to the magistrate judge's July 19, 2022, Order.  (ECF Nos. 39, 38.)  The Court takes no position as to the propriety of these disclosures.  There is also no indication from the parties that these disclosures bear on the instant motion for summary judgment.  This Court, thus, does not consider these disclosures in its analysis for the instant motion.

1  *Mariano v. City of Las Vegas*, No. 18-cv1911-APG-EJY, 2021 WL 3709229, at *5 (D. Nev. Aug.
2  20, 2021); *Oracle*, 734 F. Supp. 2d at 972; *see also* (ECF No. 37 at 2–4 (collecting cases)).
3  Further, Defendant's motion here only affects damages in so far as it limits the boundaries of
4  Plaintiff's negligence claim and Plaintiff's theory of liability, which is procedurally sound.  *See*
5  *Mariano v. City of Las Vegas*, No. 18-cv1911-APG-EJY, 2021 WL 3709229, at *5 (D. Nev. Aug.
6  20, 2021); *Oracle*, 734 F. Supp. 2d at 972; *see also* (ECF No. 37 at 2–4 (collecting cases)); *see*
7  *also Montezuma Harbor, LLC v. United States*, No. 19-cv-00831-JAM-KJN, 2021 WL 2188135,
8  at *4 (E.D. Cal. May 28, 2021) (granting summary judgment as to Plaintiff's theories of liability.)
9  Defendant's motion for partial summary judgment is thus both procedurally proper and proper as
10 a matter of law.

11     Because Plaintiff fails to provide any evidence, point to any citation in the record, or
12 otherwise attempt to set forth specific, supported facts that demonstrate the existence of a genuine
13 factual dispute and because partial summary judgment is proper here, the Court GRANTS
14 Defendant's motion.

15     **IV.   CONCLUSION**

16     For the foregoing reasons, the Court GRANTS Defendant's Motion for Partial Summary
17 Judgment.  (ECF No. 30.)  The parties are ORDERED to file a Joint Status Report not later than
18 thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to
19 trial and proposing trial dates.  The Joint Status Report shall outline what aspects of Plaintiff's
20 negligence claim will proceed to trial.

21     IT IS SO ORDERED.

22 Date:  September 11, 2023

        Troy L. Nunley
        United States District Judge

9